L. H. GRAY, Appellant, v. ANDREW ANDERSON ET AL., Members of the Board of Supervisors in and for Hancock County, Iowa.

**Drainage:** ASSESSMENT OF EXPENSE: NOTICE TO PROPERTY OWNERS.
1 The board of supervisors has power to raise or lower the expense of constructing a drainage ditch apportioned to an individual property owner by the commissioners appointed to classify the lands in the district and apportion the costs; and a property owner who has had the statutory notice of a meeting of the supervisors for that purpose is bound to take notice of all subsequent proceedings in that respect which may be taken at any adjourned meeting.

**Same:** ADJOURNMENT OF BOARD: JURISDICTION. An adjournment by
2 the supervisors to a day subsequent to that fixed in the notice for final action in assessing the costs of a drainage ditch will not deprive the board of jurisdiction nor require further notice to the property owners.

*Appeal from Hancock District Court.*—HON. C. H. KELLEY, Judge.

TUESDAY, NOVEMBER 24, 1908.

THIS is a proceeding by *certiorari* in the lower court to secure the annulment of a special assessment made on plaintiff's land by the defendants, constituting the board of supervisors of Hancock County, for the construction of a ditch in drainage district No. 10 in said county. The

court sustained the proceedings of the board, and the plaintiff appeals.—*Affirmed*

*Senneff & Bliss,* for appeuant.

*John Hammill* and *W. H. Ramsay,* for appellee.

McClain, J.—No question is made as to the regularity of the proceedings of the board of supervisors in establishing the drainage district, nor as to the action of the commissioners appointed by the board in classifying the land and apportioning $630.10 of the total expense of the ditch to be constructed therein to plaintiff's quarter section of land in separate forty-acre tracts. After such apportionment was made plaintiff was duly served with notice thereof, the descriptions and names of owners of all the tracts to be assessed being given, and the amount of taxes apportioned to each tract; and by this notice plaintiff was advised that November 14, 1906, had been fixed by the board for the hearing of written objections to the assessments as reported by the commissioners. The sufficiency of the notice is not questioned either as to its substance or its service. On the day fixed the board met, as recited in its records, and, "finding it necessary to view the premises and meet the parties making objections on the ground," adjourned the hearing of objections to the 26th of the same month, and on that date, "for the purpose of further consideration," took a further adjournment to the next day, when changes in various assessments were made by the board, and the assessment of plaintiff's land was raised to $959.04, and the final assessments for the improvement were made in accordance with the report of the commissioners, as modified by the board in various respects. It is this action of the board, so far as it increases plaintiff's assessment, that he asks to have annulled.

Plaintiff's chief objection to the action of the board

raising the assessment is that it was without notice.    But it is conceded. that he had all the notice provided for by the statute (see Code Supp. 1907, section 1989a12), and that the notice afforded all the information necessary to enable him to appear at the proper time and be heard before the board with reference to any action touching the assessment.    At the meeting of which plaintiff had due notice, the board had authority, under the statutory provisions above cited, to "increase, diminish, annul or affirm the apportionment" reported by the commissioners, and to assess the expenses of the ditch on the lands described in the report according to the apportionment, as thus fixed by the board.    As the duty of the board is to apportion a fixed sum of expense upon specified lands it is evident that reduction in the assessment on one tract must involve increase of assessment on other tracts, and plainly it would be impracticable to first fix the assessment proposed as to each tract, and then consider only objections to such proposed assessments made with a view of securing reductions therein. The board must be at liberty up to its final action to increase, as well as reduce, with reference to each tract involved.    The statute does not require, and it would not be practicable to require, notice to each one of any proposed increase.    If this were necessary there would be no end to the proceedings; for after each reduction as to one tract, it would be necessary to notify all the other owners of a proposed increase on their tracts.    As plaintiff was duly notified of the proceeding, he can not justly claim that he is being deprived of his property without due process of law.    After being properly advised that the board would take action with reference to the amount of his assessment, he was bound to take notice of the subsequent proceedings in that respect contemplated by the statute. *Yeomans v. Riddle,* 84 Iowa, 147; *Oliver v. Monona County,* 117 Iowa, 43.

1. DRAINAGE: assessment of expense: notice to property owners.

The adjournment of the board from the day fixed in the notice to a subsequent date for further consideration did not deprive the board of jurisdiction. It is not claimed that the board was without authority to adjourn, and plainly plaintiff was bound to take notice of its subsequent proceedings so far as they were within the scope of its authority.

*2. SAME: adjournment of board: jurisdiction.*

The action of the trial court in sustaining the proceedings of defendants and dismissing the writ is *affirmed.*